JOHN J. ZIDZIUNAS & ASSOCIATES, LLC
JOHN J. ZIDZIUNAS, BAR. I.D.: 03652-2005
33 Plymouth Street, Suite 202A
Montclair, New Jersey 07042
Telephone (973) 509-8500
Facsimile (973) 509-1770
Attorneys for Plaintiff: William Woodhull, Jr.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM WOODHULL, JR., <br><br> PLAINTIFF, <br><br> VS. <br><br> TOWN OF DOVER, MAYOR JAMES P. DODD (IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES), TOWN ADMINISTRATOR DONALD TRAVISANO (IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES), JOHN DOES 1-10, XYZ CORP. 1-10, <br><br> DEFENDANTS. | CIVIL ACTION NO.: <br><br> COMPLAINT AND JURY DEMAND |

Plaintiff, William Woodhull, Jr. ("Woodhull" or "Plaintiff"), who resides in Sussex County, New Jersey, by way of Complaint against the Defendants, Town of Dover, (the "Town" or "Dover"), Mayor James P. Dodd ("Mayor Dodd"), Town Administrator Donald Travisano ("Travisano"), in their official and individual capacities, John Does 1-10, and XYZ Corps. 1-10 (collectively the "Defendants") hereby says:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for: (1) a violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C §§ 201, et seq. (overtime violations) (2) New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) et seq. ("Wage and Hour Law"); (3) New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, et seq.; (4) breach of contract; and (5) breach of the implied covenant of good faith and fair dealing.

1

2. This court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331.

3. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as such claims form part of the same case or controversy as Plaintiff's federal law claims.

4. Venue is appropriate in this court because Plaintiff resides in Sussex County, Defendants did and continue to do business in Morris County, New Jersey, and some of the causes of action accrued in Morris County, New Jersey.

## II. Parties

5. Woodhull was a full time employee of the Dover Police Department ("Dover PD") until February 1, 2016, when he retired as a Police Sergeant.

6. Defendant, the Town of Dover (hereinafter the "Town" or "Dover") whose address is 37 N. Sussex Street, Dover, New Jersey, 07801, employed Plaintiff Woodhull to perform work duties as a police officer in the Town of Dover, New Jersey, and are subject to suit under the statutes plead herein.

7. Defendant Mayor Dodd is currently the Mayor of Dover and an employee of Dover, who took actions to aid or abet in the illegal conduct complained of hereunder and/or who took actions that serve as the factual predicate for the illegal conduct complained of hereunder.

8. Defendant Travisano is currently the Town Administrator of Dover and employee of Dover, who took actions to aid or abet in the illegal conduct complained of hereunder and/or who took actions that serve as the factual predicate for the illegal conduct complained of hereunder.

9. The John Doe Defendants 1-10 are fictitiously named individuals whose identities are currently unknown to Plaintiff, and are also employed by the Dover Police Department. John Doe Defendants 1-10 are individuals who have either personally participated in the illegal conduct described herein, or who have been willfully indifferent to the illegal conduct inflicted on the plaintiff.

10. The XYZ Defendants 1-10 are fictitiously named individuals whose identities are currently unknown to Plaintiff, and are also employed by the

Dover Police Department. XYZ Defendants 1-10 are individuals who have either personally participated in the illegal conduct described herein, or who have been willfully indifferent to the illegal conduct inflicted on the plaintiff.

11. Thus, all defendants are subject to suit under the statutes alleged above.

12. At all times referred to in this Complaint, employees of Dover, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or, the municipal defendant ratified, embraced and added to their conduct to the extent that their actions went beyond the scope of their employment.

### III. Factual Allegations

13. Woodhull is a retired police officer who was hired by the Town of Dover Police Department in 1991.

14. Plaintiff began his career as a Police Officer earning a salary of approximately $30,000 per year, plus overtime opportunities and other benefits.

15. As a result of his exemplary performance, Plaintiff was recommended for promotion by former Dover Police Chief, Harold Valentine ("Chief Valentine"), from the rank of Police Officer to Sergeant in 2004, and received a pay increase to $95,000 per year, plus overtime opportunities and other benefits.

16. At all times thereto, it was widely known to Defendants that Plaintiff was an open supporter of Chief Valentine's police, administrative and political activities.

17. Chief Valentine had held the position of Police Chief for many years in Dover and was a long time member of the Dover PD.

18. Chief Valentine also ran for Mayor in 2015, but ultimately lost against the incumbent, Defendant Mayor Dodd.

19. Unfortunately for Plaintiff, Chief Valentine's run for political office against Defendant Dodd put all persons closely associated with Chief Valentine in jeopardy of retaliation, including Plaintiff.

20. During Chief Valentine's candidacy, Plaintiff worked closely with him involving police matters, frequently lunched together, and openly

associated with one another and Chief Valentine's other close confidents who supported his political activities.

21. It was commonly known in the police department, and within the Town, that Defendant Mayor Dodd and Defendant Travisano have reputations for retaliation and have retaliated against those within the Department who openly supported Chief Valentine.

22. These instances include, but are not limited to, Dover police officers Sgt. Gonzalez and Police Officer Thiel, who filed suit against the Defendants alleging illegal retaliation for not supporting Mayor Dodd's reelection for Mayor. Additionally, community activist Edward Correa, Lt. Barry Young, Lt. (and former Acting Chief) Francis Coppinger, Jr., Sgt. Michael Pier, all sued Defendants alleging they were terminated and/or retaliated against because of their political support for Chief Valentine's candidacy for Mayor.

23. Additionally, Sgt. Gonzalez alleged, *inter alia*, he was retaliated against for refusing to shake Mayor Dodd's hand at a Town function.

24. Theil alleged, *inter alia*, one of the reasons he was removed from the Detective Bureau was for lawfully stopping one of Mayor Dodd's campaign workers for a traffic violation.

25. Lt. Coppinger alleged, *inter alia*, he was retaliated against for openly supporting Ret. Chief Valentine in his run for Mayor against the incumbent, Defendant Mayor Dodd in the 2015 election.

26. Sgt. Pier alleged, *inter alia*, that he was retaliated against for openly supporting Chief Valentine in his run for Mayor against the incumbent, Defendant Mayor Dodd in the 2015 election, and blowing the whistle on illegal/unethical actions of Defendants.

27. In April, 2015, soon after Chief Valentine announced he was running for Mayor against the incumbent, Defendant Mayor Dodd, Defendants began to reduce the size of the Detective's Bureau where Plaintiff was assigned, from five (5) detectives to three (3) detectives.

28. In July, 2015, in retaliation for Plaintiff's free speech/association with Chief Valentine, Plaintiff was re-assigned by Defendants from the Detective's

Bureau to the less desirable Patrol Division.

29. It was widely known and understood in the Department at that time and through the present, that working in the Patrol Division at such a senior level such as Plaintiff's level was an adverse employment and downgraded position.

30. It is undisputed that a position in Patrol is much more strenuous on an officer's body in light of the demanding late night/around the clock hours, rotating schedule, and physical demands of the position.

31. Shortly after Plaintiff was retaliated against and re-assigned to the Patrol Division in July 2015, Plaintiff had made the decision to retire from the Dover Police Department.

32. In October, 2015, Plaintiff met with Defendant Travisano regarding his retirement.

33. Travisano and Plaintiff decided together that Plaintiff's last day of work would be October 19, 2015, but Plaintiff's official retirement date would be **February 1, 2016**.

34. However, following Plaintiff's official retirement date on February 1, 2016, Defendants **knowingly, willfully, and continuously refused to pay Plaintiff for any of his owed overtime** pay in the amount of 479 hours, equal to $30,612.

35. Defendants did so, knowingly and willfully, because of Plaintiff's open free speech/political affiliation, and his open support for Chief Valentine

36. Plaintiff's hours are well documented on Defendants' time sheets that reflect Plaintiff's "Time Due" hours of overtime that a Dover police officer may choose to "bank" and use as time off from work, instead of getting paid for same following the next pay period. (See "Ex. A" attached hereto).

37. In Dover's regulations, overtime is converted by the Town into straight time hours which are then deposited into the officer's time due bank. An officer may accrue up to 480 hours of time due at any given time.

38. Since Plaintiff's retirement in 2016, Plaintiff has diligently sought payment from Defendant, Town of Dover.

39. As ongoing retaliation, Defendants have intentionally and willfully evaded Plaintiff in an attempt to deny Plaintiff his right to his overtime payment.

40. To ensure that Plaintiff would be paid for his overtime, in early 2016, Plaintiff met with Marge Verga, the Town Clerk, ("Clerk Verga") regarding his owed overtime and requested payment for same.
41. However, no payment was made to Plaintiff by Defendants.
42. After this meeting with Clerk Verga, Plaintiff made numerous attempts to speak directly with Defendant Travisano regarding his owed overtime pay equal to $30,612.
43. However, no payment was made to Plaintiff by Defendants.
44. Due to Defendants' willful avoidance of Plaintiff's matter, on March 27, 2017, Plaintiff was forced to write a formal letter to Defendant Travisano demanding payment for his owed 479 hours of time due, equal to $30,612. (See "Ex. B" attached hereto).
45. In response, Travisano scheduled a meeting with Plaintiff on June 21, 2017.
46. Travisano, however, deliberately never appeared for the meeting.
47. The meeting was then rescheduled for October 21, 2017, but was later canceled by the Town.
48. No payment was ever made to Plaintiff by Defendants.
49. The meeting was again rescheduled for November, 2017, and again deliberately cancelled by the Town.
50. The meeting was again rescheduled for December 6, 2017.
51. However, same was later cancelled by the Town stating that Travisano "just returned from a week off and needed to gather more information."
52. Defendants indicated they would reach out to the Plaintiff to reschedule the meeting yet again.
53. Plaintiff was once again patronized by Defendants and told to contact Defendant Travisano's office about scheduling.
54. On July 9, 2018, Plaintiff went to Travisano's office and spoke to Travisano's secretary. The secretary scheduled a meeting for July 25, 2018 at 11am.
55. On July 25, 2018, the Plaintiff went to Travisano's office for their scheduled meeting. After waiting for approximately one hour, Travisano's secretary advised

Plaintiff that Travisano had "another meeting" and needed to reschedule his meeting with the Plaintiff.

56. The meeting was then rescheduled for August 29, 2018.
57. However, that meeting was also cancelled by the Town and rescheduled for September 4, 2018 at 11:30am.
58. Defendants' repeated, deliberate refusal to withhold Plaintiff's overtime money remains due and owing.

**Total Damages**

59. Defendants' conduct demonstrates a pattern and practice of willfully violating the FLSA, New Jersey's Wage and Hour law, New Jersey's Wage Payment Act, and other statutes, as evidenced by Defendants' deliberate refusal to pay Plaintiff his overtime and/or other remaining accrued time.
60. Defendants' willful violation of the FLSA and other state laws results in a three (3) year statute of limitations running from February 1, 2016, to the present.
61. Accordingly, Plaintiff is owed no less than 479 hours of overtime pay, and/or other accrued payable overtime, not inclusive of interest, statutory penalties, **double damages of no less than $61,224**, plus costs, attorneys' fees and punitive damages pursuant to the FLSA.
62. At all times relevant thereto, Defendants took no action to investigate, end or abate the illegal wage and hour violations complained of herein.
63. Defendants took no action to become in compliance with the FLSA and other New Jersey wage payment statutes.
64. As a consequence, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**Count I**
**(Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq.)**

65. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.
66. Defendants took no action to investigate, end or abate the illegal wage and hour violations set forth herein.

67. Defendants purposely ignored Plaintiff's continued lawful requests for payment of his overtime.
68. The actions of Defendants give rise to a violation of the FLSA.
69. Because of Defendant's willful and retaliatory refusal to pay Plaintiff his owed overtime money, Plaintiff is owed no less than 479 hours of overtime pay, and/or other accrued payable time, not inclusive of interest, statutory penalties, **double damages of no less than $61,224**, costs and attorneys' fees pursuant to the FLSA.
70. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, Plaintiff has suffered lost wages and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.
71. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**WHEREFORE**, as to each and every count, Plaintiff demands judgment on each and all of these Counts against the Defendants jointly and severally, as follows:

    A.    Compensatory damages of all owed overtime;

    B.    Damages for humiliation, mental and emotional distress;

    C.    Statutory damages, if applicable;

    D.    Punitive damages and/or liquidated or double damages where permitted by law;

    E.    Attorneys' fees and costs of suit;

    F.    Lawful interest including pre-judgment interest on lost wages;

    G.    Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

H. Such other, further and different relief as the Court deems fitting, just and proper.

## Count II
### (New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) et seq.)

72. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.
73. The actions of Defendants give rise to a violation of the New Jersey Wage and Hour Law.
74. Defendants took no action to investigate, end or abate the illegal wage and hour violations set forth herein.
75. Defendants purposely ignored Plaintiff's continued lawful requests for payment.
76. Defendants' actions demonstrate a pattern and practice of willfully violating New Jersey's Wage and Hour law thus warranting double damages, interest, statutory penalties, costs, attorneys' fees and any other legal or equitable relief the Court deems appropriate.
77. As a direct and proximate result of the actions of the Defendants, Plaintiff has suffered significant economic damages, mental anguish, physical discomfort, pain and suffering, shame and embarrassment, and/or aggravation of a previously existing mental or emotional condition. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.
78. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**WHEREFORE**, as to each and every count, Plaintiff demands judgment on each and all of these Counts against the Defendants jointly and severally, as follows:

    A. Compensatory damages of all owed overtime;
    B. Damages for humiliation, mental and emotional distress;
    C. Statutory damages, if applicable;

D.  Punitive damages and/or liquidated or double damages where permitted by law;

E.  Attorneys' fees and costs of suit;

F.  Lawful interest including pre-judgment interest on lost wages;

G.  Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

H.  Such other, further and different relief as the Court deems fitting, just and proper.

## Count III
### (New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, et seq.)

79. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

80. The actions of Defendants give rise to a violation of the New Jersey Wage Payment Act.

81. Defendants took no action to investigate, end or abate the illegal wage and hour violations set forth herein.

82. Defendants purposely ignored Plaintiff's continued lawful requests for payment.

83. Defendants' actions demonstrate a pattern and practice of willfully violating New Jersey's Wage and Hour law thus warranting double damages, interest, statutory penalties, costs, attorneys' fees and any other legal or equitable relief the Court deems appropriate.

84. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, and/or aggravation of a previously existing mental or emotional condition.  Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

85. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**WHEREFORE**, as to each and every count, Plaintiff demands judgment on each and all of these Counts against the Defendants jointly and severally, as follows:

   A.   Compensatory damages of all owed overtime;

   B.   Damages for humiliation, mental and emotional distress;

   C.   Statutory damages, if applicable;

   D.   Punitive damages and/or liquidated or double damages where permitted by law;

   E.   Attorneys' fees and costs of suit;

   F.   Lawful interest including pre-judgment interest on lost wages;

   G.   Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

   H.   Such other, further and different relief as the Court deems fitting, just and proper.

### Count IV
### (Breach of Contract)

86. Plaintiff repeats and incorporates herein the above paragraphs.
87. Defendants had contractual obligations to Plaintiff that were set forth in their oral representations and/or their handbook and other employment documents.
88. Defendants' actions breached the contractual obligations set forth in these documents by failing to pay Plaintiff his required overtime wages.
89. Defendant breached their contract by failing to ensure they were acting in compliance with federal and state Wage and Hour laws.
90. Defendants' actions give rise to the claim of breach of express and implied contract.
91. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered significant economic damages, mental anguish, physical discomfort, pain and suffering, shame and embarrassment. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

92. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**WHEREFORE**, as to each and every count, Plaintiff demands judgment on each and all of these Counts against the Defendants jointly and severally, as follows:

   A. Compensatory damages of all owed overtime;

   B. Damages for humiliation, mental and emotional distress;

   C. Statutory damages, if applicable;

   D. Punitive damages and/or liquidated or double damages where permitted by law;

   E. Attorneys' fees and costs of suit;

   F. Lawful interest including pre-judgment interest on lost wages;

   G. Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

   H. Such other, further and different relief as the Court deems fitting, just and proper.

### Count V
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

93. Plaintiff repeats and incorporates herein the above paragraphs.
94. Defendants had contractual obligations to Plaintiff as reflected above.
95. Defendants have breached these obligations.
96. Defendants have not dealt in good faith with Plaintiff in failing to pay Plaintiff his required overtime wages.
97. Defendants breached their covenant of good faith and fair dealing by failing to ensure they were acting in compliance with state and federal Wage and Hour laws.
98. Defendant failed to act in good faith to investigate, end or abate these practices exhibited by Defendants that they knew or should have known.
99. Defendants failed to act in good faith by purposely ignoring Plaintiff's continued lawful requests for payment.
100. Defendants' actions give rise to the claim of breach of the implied covenant of good faith and fair dealing.

101. As a direct and proximate result of the actions of Defendants, Plaintiff has been damaged.

**WHEREFORE**, as to each and every count, Plaintiff demands judgment on each and all of these Counts against the Defendants jointly and severally, as follows:

A. Compensatory damages of all owed overtime;

B. Damages for humiliation, mental and emotional distress;

C. Statutory damages, if applicable;

D. Punitive damages and/or liquidated or double damages where permitted by law;

E. Attorneys' fees and costs of suit;

F. Lawful interest including pre-judgment interest on lost wages;

G. Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

H. Such other, further and different relief as the Court deems fitting, just and proper.

Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual obligations and claims contained herein, based upon information received from the Defendants, witnesses, experts, and others in the course of discovery in this matter.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

## DESIGNATION OF TRIAL COUNSEL

John J. Zidziunas, Esq. is hereby designated as trial counsel on behalf of Plaintiff.

## L.CIV.R. 11.2 CERTIFICATION OF NO OTHER ACTIONS OR PARTIES

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, now or contemplated, and that no other parties should be joined in this action.

JOHN J. ZIDZIUNAS & ASSOCIATES, LLC
Attorneys for Plaintiff, William Woodhull, Jr.

By: _____
JOHN J. ZIDZIUNAS

Date: 10-15-18

14